15-1420-cv
*Weslowski v. Zugibe et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT: JOSÉ A. CABRANES,
　　　　　BARRINGTON D. PARKER,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　*Circuit Judges.*

---

JOHN L. WESLOWSKI,

　　　　　　　*Plaintiff-Appellant,*　　　　　　　No. 15-1420-cv

　　　　　　　v.

PATRICIA ZUGIBE, in her official capacity as County Attorney, and in her individual capacity, JEFFREY J. FORTUNATO, in his official capacity as Deputy County Attorney, and in his individual capacity, ROCKLAND COUNTY, municipal corporation,

　　　　　　　*Defendants-Appellees.*

---

**FOR JOHN L. WESLOWSKI:**　　　　　　　John L. Weslowski, Schenectady, NY, *pro se.*

**FOR DEFENDANTS-APPELLEES:**　　　　　　Robert B. Weissman, Saretsky Katz & Dranoff, L.L.P., New York, NY.

1

Appeal from the judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant John L. Weslowski ("Weslowski"), an attorney proceeding *pro se*, appeals the District Court's dismissal of claims under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h), and 42 U.S.C. §§ 1983 and 1985, arising out of the alleged wrongful termination of his employment as a Senior Assistant County Attorney for Rockland County by defendants in 2009. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678–79. Finally, "[i]t is well settled that we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp.*, 136 F.3d 273, 275 (2d Cir. 1998) (internal quotation marks omitted).

## I. Sections 1983 and 1985 Claims; Substantive Due Process Claims; Supplemental Jurisdiction; Leave to Amend

Upon review, we conclude that the District Court correctly held that Weslowski failed to state plausible claims to relief under sections 1983 and 1985 for violations of his First Amendment rights, procedural due process rights, and equal protection rights, because his passive consumption of sexually explicit material at work was not speech on a matter of public concern, *see Weslowski v. Zugibe*, 14 F. Supp. 3d 295, 313–14 (S.D.N.Y. 2014) (*Weslowski I*); the availability of an adequate post-deprivation hearing—here, an Article 78 proceeding—satisfied the requirements of due process, *see id.* at 314–17; Weslowski did not allege any direct evidence of discriminatory intent; and his allegations did not raise an inference of discrimination based on his sexual orientation, *see id.* at 317–21; *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 318–22 (S.D.N.Y. 2015) (*Weslowski II*).

The District Court was likewise correct in holding that Weslowski failed to state a substantive due process claim because there is no constitutionally protected liberty interest in gaining access to sexually explicit material in the workplace without consequence. *See Weslowski II*, 96 F. Supp. 3d at 322–24. In addition, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims after dismissing the federal causes of action, and in dismissing Weslowski's amended complaint without granting leave to amend a second time; as an attorney, Weslowski was not entitled to the "special solicitude" normally afforded *pro se* litigants. *See id.* at 315, 324; *Weslowski I*, 14 F. Supp. 3d at 321–22.

## II. The Retaliation Claim

With respect to Weslowski's retaliation claim under section 3730(h) of the FCA, however, we affirm on different grounds than those the District Court stated. Instead, we dismiss Weslowski's retaliation claim because we conclude that he failed to allege that his employer was aware that he was engaged in conduct that is protected by section 3730(h). We therefore do not reach the questions of whether the retaliation claim was barred by section 3730(h)(3)'s three-year statute of limitations or whether section 3730(h) can apply to post-employment retaliation.

At the time of the alleged retaliation against Weslowski, the FCA's anti-retaliation provision, section 3730(h), provided in relevant part that

> [a]ny employee . . . shall be entitled to all relief necessary to make that employee . . . whole, if that employee . . . is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee . . . on behalf of the employee . . . or associated others in furtherance of other efforts to stop 1 or more violations of [the FCA].

Fraud Enforcement Recovery Act, Pub. L. No. 111-21, § 4(d), 123 Stat. 1617, 1624–25 (2009) (codified at 31 U.S.C. § 3730(h)(1)).[1] Although this Court has yet to articulate a test for deciding when a plaintiff has set forth a claim for retaliation under section 3730(h), we need not do so here. Even assuming that Weslowski engaged in protected activity, he did not adequately allege that the

---

[1] Section 3730(h)(1) was amended, effective July 22, 2010, by replacing "or agent on behalf of the employee, contractor, or agent or associated others in furtherance of other efforts to stop 1 or more violations of this subchapter" with "agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter." Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1079A, 124 Stat. 1376, 1390, 2079 (2010).

County was aware that his refusal to approve the contract at issue was in furtherance of efforts to prevent a violation of the FCA.

Weslowski's purported protected activity involved his alleged refusal to approve a proposed contract, which "was to be funded by" the United States Department of Housing and Urban Development ("HUD"), between Rockland County and a contractor, Spring Valley NAACP. A-34–36. According to Weslowski's amended complaint, he refused to approve the contract because he concluded that "the proposed contractor was an unincorporated association of unnamed individuals loosely affiliated as a local chapter of its national 'parent' (only the 'parent' being a corporation), and that the proposed contractor possessed utterly no legal authority whatsoever as a chapter to bind that corporate national 'parent.'" *Id.* at 35–36. By refusing to approve the contract, he claims that he prevented the contractor's signatory, its President, from "conceal[ing] the material fact that the 'President' did not actually possess the signatory authority for each and every unnamed individual member of the unincorporated association that a signature so styled would purport to have." *Id.* at 37. But Weslowski does not allege that he did anything that would have put the County on notice that his refusal to approve the contract was in furtherance of an effort to stop a violation of the FCA. Accordingly, he failed to allege that he was fired or otherwise discriminated against "because of" lawful acts done in furtherance of efforts to stop a violation of the FCA. 31 U.S.C. § 3730(h). Weslowski has therefore failed to state an FCA retaliation claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

We have considered all of the plaintiff-appellant's arguments and find them to be without merit. The District Court's dismissal of the claims under sections 1983 and 1985, and dismissal of the claims of violations of substantive due process are affirmed substantially for the reasons stated by the District Court in *Weslowski I* and *Weslowski II*, as are the District Court's orders declining to exercise supplemental jurisdiction over the remaining state law claims and leave to amend the complaint. Finally, we affirm the District Court's dismissal of the retaliation claim for the reasons stated above.

Accordingly, the March 31, 2015, judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4