21-443-cv
*Antoine v. SUNY Downstate Medical Center*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
             BARRINGTON D. PARKER,
             EUNICE C. LEE,
                         *Circuit Judges.*

---

KEVIN ANTOINE,

                 *Plaintiff-Appellant,*                      21-443-cv

                 v.

STATE UNIVERSITY OF NEW YORK DOWNSTATE
MEDICAL CENTER,

                 *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Kevin Antoine, pro se, Old Bridge, NY. |
| **FOR DEFENDANT-APPELLEE:** | Steven C. Wu, Deputy Solicitor General, Barbara D. Underwood, Solicitor General, and Judith N. Vale, Assistant Deputy Solicitor General of Counsel, *for* Letitia James, Attorney General, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Kevin Antoine appeals from the District Court's January 19, 2021 judgment dismissing his retaliation claim under Title VII and the New York State Human Rights Law ("NYSHRL") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Antoine alleges that his former employer, State University of New York Downstate Medical Center ("Downstate"), fired him in retaliation for his internal complaints and a lawsuit ("*Antoine I*") regarding a change in the organization's reporting structure. Antoine proceeds pro se on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To plead retaliation under Title VII, a plaintiff must allege that "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, PC*, 716 F.3d 10, 14 (2d Cir. 2013). NYSHRL requires the same. *See Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 271 n.3 (2d Cir. 2016).

Because Antoine proceeds pro se on appeal, we "liberally construe" his brief, "reading such submission[] to 'raise the strongest arguments [it] suggest[s].'" *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

As to his internal complaints, Antoine does not allege that they were "protected activity." Such activity includes (1) opposing an employment practice prohibited by Title VII, and (2) charging discrimination, or otherwise participating in an investigation, proceeding, or hearing arising under Title VII. *See* 42 U.S.C. § 2000e-3(a). Antoine complains that his de facto demotion violated SUNY's Diversity Policy. But Downstate violating a SUNY policy is not itself a basis for a Title VII claim. *See Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 594 (2d Cir. 1988) ("[A]n employer's failure to follow its own voluntary affirmative action program cannot, by itself, constitute an unlawful employment practice . . . ."). And Antoine does not allege that he "complained, or even suggested, that [ ]he was being discriminated against because of" his race.

2

*Kelly*, 716 F.3d at 17. In *Littlejohn v. City of New York*, by contrast, a plaintiff with a role similar to Antoine's "complain[ed] about what she believed was unlawful discrimination." 795 F.3d 297, 319 (2d Cir. 2015). Thus, Antoine's retaliation claim based on his internal complaints was properly dismissed.

As to his lawsuit, Antoine did not plausibly allege that Downstate was aware of *Antoine I* when he was fired. While he asserted that it received notice of the lawsuit, his complaint did not explain how, and Downstate was not served until more than five months later. "[F]or protected conduct to be a substantial or motivating factor in a decision, the decisionmakers must be aware of the protected conduct." *Wrobel v. County of Erie*, 692 F.3d 22, 32 (2d Cir. 2012) (citation omitted); *cf. Weslowski v. Zugibe*, 626 F. App'x 20, 21 (2d Cir. 2015) (summary order) (affirming on alternate grounds because the plaintiff "failed to allege that his employer was aware that he was engaged in" protected activity under the False Claims Act). Thus, Antoine's retaliation claim based on his lawsuit was properly dismissed.

We have reviewed all of the arguments raised by Antoine on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 19, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3