**Andrew H.W. OLSEN, Plaintiff–Appellant,**

v.

**PRATT & WHITNEY AIRCRAFT, A DIVISION OF UNITED TECHNOLOGIES CORPORATION, Defendant–Appellee.**

**No. 1779, Docket 96–9643.**

United States Court of Appeals, Second Circuit.

Argued July 18, 1997.

Decided Feb. 2, 1998.

**274**

Igor I. Sikorsky, Jr., Easton, CT, for Plaintiff–Appellant.

Stefan Underhill, Hartford, CT (Albert Zakarian, Glenn W. Dowd, and William D. Thompson, Jr., Day, Berry & Howard, Hartford, CT, on brief), for Defendant–Appellee.

Before: WINTER, Chief Judge, JACOBS and LEVAL, Circuit Judges.

JACOBS, Circuit Judge.

Andrew Olsen sued his former employer, Pratt & Whitney ("P & W"), claiming that P & W beguiled him with promises of job security into revoking his participation in a special early retirement plan, and then broke its promises by firing him soon thereafter. The complaint alleged a variety of claims, all of which were dismissed (some with prejudice, some without) by the United States District Court for the District of Connecticut (Nevas, J.). On appeal, Olsen advances a single argument: that the district court erred in dismissing his common law fraud claim (with prejudice) on the ground that it is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). We affirm the district court's dismissal of Olsen's fraud claim on other grounds and do not reach the issue of whether the claim is preempted by ERISA. We conclude that Olsen's fraud claim fails to satisfy the pleading requirements of Fed.R.Civ.P. 9(b), and we remand to permit Olsen one more opportunity to seek leave from the district court to file a well–pleaded amended complaint.

## BACKGROUND

Olsen was employed by P & W from 1956 to 1992. When he left, he was a Fire Lieutenant in the Fire and Security Department.

On November 1, 1991, P & W notified Olsen, then age 54, that he was eligible to participate in the company's Voluntary Retirement Incentive Program ("VRIP"). The program granted special retirement benefits, including an increased pension and a $10,000 lump-sum cash payment, to eligible employees who agreed to take early retirement and to waive certain claims against the company, including any right to sue under the Age Discrimination in Employment Act ("ADEA").

On December 18, 1991, Olsen enrolled in the VRIP, signed the required waiver of claims, and agreed to retire on March 31, 1992. He alleges that soon afterward, P & W employees represented to him that his job was secure and recommended that he revoke his participation in the VRIP. On January 2, 1992, Olsen revoked his participation in the VRIP, allegedly in reliance on these representations. On September 7, 1992, Olsen was terminated (a step that P & W ascribes to a reduction in force).

The complaint alleged six claims. Four (an ADEA claim, a breach of contract claim, and two claims of violations of the seniority

system) have no bearing on this appeal. The fifth, asserted under ERISA, alleged that the document which purported to revoke Olsen's participation in the VRIP was void because it was signed after the contractual and statutory period for revocation expired, and that P & W "violated the ERISA provision codified in 29 U.S.C. [§ ] 1056(a) by breaching the waiver contract and not providing any of the consideration falling under ERISA." The district court dismissed this ERISA claim, and Olsen has not challenged that dismissal on appeal. Olsen's sole ground for appeal is the dismissal of his common law fraud claim, which alleges that he relied, "to his detriment, on the defendant's inducements of job security when he agreed to continue to work for the defendant" and give up the VRIP benefits. The district court dismissed the fraud claim with prejudice, finding that it was preempted by ERISA. The court noted:

> The [fraud] count...is essentially a common law claim of misrepresentation and is a reformulation of the [ERISA] count. Olsen asserts that he was induced to revoke the VRIP based on false promises of future job security... The court finds that this count relates to the VRIP plan, as "the alleged misconduct is intertwined with the refusal to pay benefits." *Farlow v. Union Cent. Life Ins.* Co., 874 F.2d 791, 794 (11th Cir. 1989).[1]

## DISCUSSION

On appeal, Olsen challenges the district court's dismissal of his state common law fraud claim. P & W contends that the district court concluded correctly that Olsen's common law fraud claim is preempted by ERISA. Alternatively, P & W claims that the fraud claim should have been dismissed for failure to plead it with particularity.[2]

■■■ It is well settled that "we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *Chesley v. Union Carbide*

*Corp.*, 927 F.2d 60, 68 (2d Cir. 1991)(citations and internal quotation marks omitted). We agree with P & W that Olsen's fraud allegations fail to comply with the heightened pleading requirements of Fed.R.Civ.P. 9(b).

Fed.R.Civ.P. 9(b) requires that all fraud claims be pleaded with particularity:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

We have held that "when a complaint charges fraud, it must (1) detail the statements ... that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements ... were made, and (4) explain why the statements ... are fraudulent." *Harsco Corp. v. Segui*, 91 F.3d 337, 347 (2d Cir.1996).

Olsen's allegations of fraud are conclusory and lacking in particulars. He alleges that "the defendant, through its agents, servants, and employees, advised, counselled, and recommended to Olsen" that he revoke his participation in the VRIP and "represented and warranted" that "he had the right to the continued expectation that he would not be terminated involuntarily." (Compl.¶ 33) Further, Olsen alleges that he "never was told by [P & W] that if [he] continued to work, he would be terminated shortly thereafter." (Id.¶ 48) He claims that he relied on these false representations and misleading omissions in revoking his participation in the VRIP.

Olsen does not specify what was said, or the terms of the advice, counsel, and recommendations (as opposed to the mere gist); who said it, and what positions were held by these "agents, servants, and employees" whose words are alleged to bind or be imputed to the company; where and when these words of advice, counsel, and recommendation were imparted to the plaintiff; and why these predictions of future events were

---

1. The court also dismissed Olsen's breach of contract claim but did not dismiss the seniority system claims. These seniority claims were later dismissed on P & W's motion for summary judgment, and Olsen's ADEA claim was withdrawn.

2. P & W advanced this argument before the district court, but the district court addressed the preemption issue only.

fraudulent (as opposed to wrong prognostications). Thus the complaint falls far short of the requirements of Fed.R.Civ.P. 9(b), and must be dismissed.

The deficiencies in Olsen's complaint obscure the contours of his fraud claim, its relation to the ERISA plan, or even whether Olsen can actually sufficiently plead his claim. Given the complicated nature of the ERISA preemption inquiry, and its ramifications, we will not attempt to resolve it without a properly pleaded claim.

Plaintiffs whose complaints are dismissed pursuant to Rule 9(b) are typically given an opportunity to amend their complaint. See, e.g., *Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir.1986). Accordingly, although we agree with the district court that the complaint should have been dismissed, we vacate the judgment and remand with directions to the district court to afford the plaintiff the opportunity to file an amended complaint that complies with Rule 9(b).

## CONCLUSION

For the reasons stated above, the judgment of the district court is vacated and the case is remanded with directions to afford the plaintiff the opportunity to replead his common law fraud claim in conformity with Rule 9(b).