Arthur T. BOTSAS, Plaintiff–Appellant,

v.

UNITED STATES of America, William S. Cohen, Secretary, United States Department of Defense, Northrop Grumman Corp., and Fairchild Corp., Defendants–Appellees.

No. 00–6282.

United States Court of Appeals, Second Circuit.

March 13, 2001.

Arthur T. Botsas, Belleroe, NY, pro se.

Deborah B. Zwany and David L. Goldberg, Assistant United States Attorneys; Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, NY, for appellee, United States.

Larry H. Lum and Katherine A. McDonough, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY, for appellee, Fairchild Corp.

Christopher A. Parlo, Morgan Lewis & Bockius, LLP, New York, NY, for appellee, Northrop Grumman Corp.

Present WALKER, Chief Judge, OAKES and CALABRESI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Arthur T. Botsas appeals from an April 28, 2000, judgment of the district court dismissing his action. Botsas brought suit against defendants-appellees Northrop Grumman Corp. ("Northrop"), Fairchild Corp. ("Fairchild"), the United States of America and U.S. Secretary of Defense, William S. Cohen (collectively, "the Government"), alleging, *inter alia*, fraud and breach of employment contract based on Fairchild's sale to Northrop of Fairchild's Long Island Engineering Center ("LIEC") in September 1987.

The district court dismissed the claims against each of the three defendants under the *Rooker–Feldman* doctrine because Botsas had earlier asserted nearly identical claims against Northrop alone in a New York state court action. On appeal, Northrop contends dismissal against it pursuant to the *Rooker–Feldman* doctrine was proper. The Government argues that dismissal against it was proper, apart from the *Rooker–Feldman* doctrine, because it has not consented to waiver of its sovereign immunity. Similarly, Fairchild argues that, apart from the *Rooker–Feld-man* doctrine, each of Botsas's claims against it are barred by the applicable New York statutes of limitations, thus warranting dismissal.

 With respect to the claims against Northrop, we agree that dismissal under the *Rooker–Feldman* doctrine was proper. The *Rooker–Feldman* doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment. *See Hachamovitch v. DeBuono,* 159 F.3d 687, 693 (2d Cir.1998). Where claims raised in a federal action are "inextricably intertwined" with a state court's determination, dismissal of the federal claims for lack of jurisdiction pursuant to *Rooker–Feldman* is proper. Our review of Botsas's New York state court action indicates it raised and adjudicated substantially the same issues he now raises in this federal action. As a result, the district court's dismissal for lack of subject matter jurisdiction under *Rooker–Feldman* was proper.

With respect to the claims against the Government and Fairchild, we need not determine whether *Rooker–Feldman* required dismissal even though the United States and Fairchild were not parties to Botsas's New York state action nor in privity with Northrop, which was the only defendant in the state action. Rather, independent bases exist for their dismissal. *See Olsen v. Pratt & Whitney Aircraft,* 136 F.3d 273, 275 (2d Cir.1998) (stating court of appeals may affirm the district court's dismissal on alternative grounds).

 As to Botsas's claims against the Government, the district court lacked subject matter jurisdiction. The Government had not consented to waiver of its sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349,

63 L.Ed.2d 607 (1980); *see also* The Tucker Act, 28 U.S.C. §§ 1346(a), 1491(a).

■ With respect to the district court's dismissal of the claims against Fairchild, we affirm because each of Botsas's claims was time barred. Botsas's contract claims and ERISA claims are governed by a six-year statute of limitations and his tortious interference claim is governed by a three-year statute of limitations. *See* N .Y. C.P.L.R. § 213(2); *Sadowski v. Technical Career Institutes, Inc.,* 107 F.3d 4 (2d Cir.1997) (table); *Norris v. Grosvenor Marketing Ltd.,* 803 F.2d 1281, 1287 (2d Cir.1986). Yet, he did not bring suit on any of these claims until September 1999, approximately eleven years after Fairchild's sale of LIEC to Northrop, which was the predicate for each of his claims against Fairchild.

Accordingly, the district court's judgment dismissing the action in its entirety is hereby AFFIRMED.