**Candace NADIMI, Plaintiff–Appellant,**

v.

**Jewel BROWN, Deputy Director, William Risley, Chief Labor Negotiator, State of Connecticut, Lawrence Meyers, Commission on Human Rights and Opportunities, State of Connecticut, Defendants–Appellees.**

No. 00–7190.

United States Court of Appeals, Second Circuit.

May 17, 2001.

Candace Nadimi, Bridgeport, CT, pro se.

David L. Kent, Susan Quinn Cobb, Hartford, CT, of counsel, for appellees.

Present OAKES, WINTER and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff Candace Nadimi, *pro se* and *in forma pauperis,* appeals from the judgment of the United States District Court for the District of Connecticut (Gerard L. Goettel, *Judge*), dismissing her employment discrimination complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.* We affirm the District Court decision on the alternate grounds of failure to state a claim upon which relief can be granted and sovereign immunity, but decline to hold that the *Rooker–Feldman* doctrine governs in this case. In addition, Ms. Nadimi's attempt to repair her complaint's defects by asserting new causes of action is unsuccessful because her complaint fails to state valid claims under the asserted statutes.

In July 1999, Ms. Nadimi filed a Title VII complaint against William Risley, "Chief Labor Negotiator, State of Connecticut, Judicial," Jewel Brown, Deputy Director of the Connecticut Commission on Human Rights and Opportunities ("CCHRO"), and Lawrence Meyers, Regional Director of the CCHRO, alleging that she was terminated from her job because of her race. In her complaint, she sought both monetary damages and injunctive relief.

In September 1997, Ms. Nadimi was terminated from her job as an office clerk at the Superior Court Juvenile Matters Department for the State of Connecticut Judicial Department. Shortly after her termination, she filed an employment discrimination complaint with the CCHRO against the Judicial Department, claiming that she had been poorly evaluated, received less training than other clerks, and was terminated after only five months, because she is a black woman. After a full investigation, the CCHRO sent Ms. Nadimi a Draft Summary of No Reasonable Cause, finding that she had been terminated during her probationary period because she was unable to grasp her job responsibilities, and not because of her race. Despite Ms. Nadimi's objections, the CCHRO dismissed the case upon a final determination of no reasonable cause. The CCHRO notified Ms. Nadimi that she could apply for reconsideration within fifteen days from the date of its final decision. Ms. Nadimi filed a late request for reconsideration, which was denied as untimely.

Ms. Nadimi also filed a complaint with the Equal Employment Opportunity Commission, and received a "right-to-sue" letter in April 1999.

In March 1999, Ms. Nadimi appealed the CCHRO decision to the Connecticut Superior Court. The court dismissed the appeal as untimely, because it had been filed more than 45 days after the CCHRO's final decision. Ms. Nadimi did not appeal that decision to the Connecticut Appellate Court. Instead, she sought relief in federal court by filing the present action.

Defendant Risley and the CCHRO defendants moved separately to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief could be

granted. In opposition to the motions, Ms. Nadimi asserted, *inter alia,* that the District Court should find federal subject matter jurisdiction pursuant to Title VII, and under federal removal statutes 28 U.S.C. §§ 1441, 1442, civil rights laws 42 U.S.C. §§ 1981, 1983, and 1988, and various state statutes prohibiting discrimination.

In January 2000, the District Court granted the defendants' motions and dismissed the Title VII complaint, holding, *inter alia,* that the *Rooker–Feldman* doctrine precluded review of the state court decision. The District Court also dismissed the complaint for failure to state a claim upon which relief could be granted and because some of the defendants were immune from suit under the sovereign immunity doctrine as part of the Eleventh Amendment of the United States Constitution. The District Court did not consider Ms. Nadimi's additional grounds for jurisdiction.

■ We review the District Court's grant of a motion to dismiss under Fed. R.Civ.P. 12(b)(1) and (b)(6) *de novo.* *See Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). First, although the District Court held that the *Rooker–Feldman* doctrine precluded review of the Connecticut Superior Court decision, we choose not to determine whether the doctrine applies in this case. Under the *Rooker–Feldman* doctrine, federal courts are barred from reviewing matters actually decided by a state court, or the granting of relief that is "inextricably intertwined" with the state court decision. *See Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir. 1996). Ms. Nadimi argues that the *Rooker–Feldman* doctrine does not bar her claims because the state court dismissed her case as untimely and not on the merits. The appellees argue that a hearing on the merits is not required by the state

court for the doctrine to apply to bar federal review of state decisions. *See Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995) (holding that the *Rooker–Feldman* doctrine barred federal review of a state court's merits ruling despite the fact that there had been no hearing on the merits). We have never explicitly held that the *Rooker–Feldman* doctrine precludes review of a state court dismissal on timeliness grounds, and we decline to do so today. Our decision not to entertain the question in this case, however, should not be construed as a decision holding that the *Rooker–Feldman* doctrine will never bar federal review of a state court dismissal on timeliness grounds.

But we affirm the District Court judgment on the alternate grounds discussed below. *See Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp.,* 136 F.3d 273, 275 (2d Cir.1998) (holding that a reviewing court may affirm on "any ground for which there is a record sufficient to permit conclusions of law").

■ The complaint failed to state a claim under Title VII against defendant Risley because an employer's agent cannot be held individually liable under Title VII, and the complaint did not include the Judicial Department as a defendant. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1314 (2d Cir.1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). In addition, Ms. Nadimi failed to state a claim under Title VII against the CCHRO defendants because they were not her employers but, rather, employees of the agency who processed her administrative complaint. *See* 42 U.S.C. § 2000e–2(a), (b), and (c) (imposing liability for certain acts of discrimination by an "employer," "employment agency," or "labor organization"). Moreover, there is no federal cause of action against government

agencies under Title VII for failure to process or investigate an employment discrimination charge. *See Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 6 (2d Cir.1997). Finally, to the extent that the defendants were being sued in their official capacities, the claims for damages and retroactive injunctive relief were barred under the sovereign immunity doctrine of the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 114 n. 25, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

We have considered Ms. Nadimi's attempt to repair these defects by asserting new causes of action in her opposition to the defendants' motions to dismiss. Although the District Court failed to review these claims, we find that she has failed to state a claim pursuant to any of the statutes asserted. Finally, Ms. Nadimi's appellate claim under 42 U.S.C. § 1985 will not be considered because she did not raise the claim below. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

For the foregoing reasons, we AFFIRM the District Court judgment.