Michael MURPHY, Plaintiff–Appellant,

v.

Brion D. TRAVIS, Chairman, New York State Board of Parole, Martin Cirincione, Executive Director, New York State Division of Parole, Lawrence Ibsen, individually, Lawrence Ibsen, in official capacities as member of the Division of Parole, Ileana Rodriguez, in official capacities as member of the Division of Parole, Daizzee Bouey, in-

dividually, Daizzee Bouey, in official capacities as member of the Division of Parole, Joseph Gawloski, individually, Joseph Gawloski, in official capacities as member of the Division of Parole, R. Guy Vizzie, individually, R. Guy Vizzie, in official capacities as member of the Division of Parole, Vernon Manley, individually, and Vernon Manley, in official capacities as member of the Division of Parole, Defendants–Appellees.

Docket No. 01–0058.

United States Court of Appeals, Second Circuit.

June 10, 2002.

---

Michael Murphy, pro se, Beacon, NY, for Plaintiff-Appellant.

Present STRAUB and SOTOMAYOR, Circuit Judges, GOLDBERG, Judge.*

* The Honorable Richard W. Goldberg, Judge of the United States Court of International

*SUMMARY ORDER*

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff–Appellant Michael Murphy, pro se, appeals from a February 8, 2001 judgment of the United States District Court of the Southern District of New York (Michael B. Mukasey, Chief Judge) sua sponte dismissing his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii).

In his § 1983 complaint, Murphy alleges that the defendants violated his constitutional rights by denying him adequate procedural protections at his parole hearings. He sought a declaratory judgment (1) requiring the defendants to provide him with a statement of reasons for denying him parole, (2) declaring that the defendants violated his constitutional rights, (3) declaring that title 9, section 8002.3 of the New York Compilation of Codes, Rules and Regulations creates a legitimate expectation of release on parole, and (4) declaring unconstitutional the defendants' policy of denying parole based on Murphy's failure to accept responsibility for his crimes. Murphy also seeks injunctive relief in the form of a new parole hearing that complies with the requirements of procedural due process.

According to the complaint, Murphy was denied parole in 1994, 1996, and 1998. The New York Supreme Court invalidated the 1998 decision and ordered the Parole Board to conduct a new hearing. The Parole Board reaffirmed its decision in January 2000. In March 2000, Murphy was once again denied parole.

Trade, sitting by designation.

On appeal, Murphy argues that: (1) the District Court abused its discretion in sua sponte dismissing the complaint prior to receiving any responsive pleading and without giving notice to Murphy; (2) even in the absence of a constitutionally protected liberty interest in parole, Murphy was entitled to notice, an opportunity to be heard, "a detailed, meaningful and adequate statement of the evidence relied upon and the reasons for the parole board's determination denying release to parole," and to not have his parole determination prejudged by biased Parole Board members; (3) the defendants were not entitled to absolute immunity; and (4) the District Court erred in dismissing the complaint insofar as it sought declaratory relief. Appellant's Br. at v.

We review a *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e)(2) *de novo*. *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). "A *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999). Moreover, "[i]t is well settled that 'we may affirm on any ground for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court.' " *Olsen v. Pratt & Whitney Aircraft, a Div. of United Techs. Corp.,* 136 F.3d 273, 275 (2d Cir.1998) (quoting *Chesley v. Union Carbide Corp.,* 927 F.2d 60, 68 (2d Cir.1991)).

■ Murphy's request for declaratory relief from his 1994, 1996, and January and March 2000 parole denials are barred by *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), since he has not shown that those parole denials have subsequently been declared invalid. *See Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (applying *Heck* to claims for declaratory relief). Although Murphy's 1998 parole denial was invalidated, it is also barred by *Heck* since the Parole Board reaffirmed its denial on remand.

■ Murphy's claim for injunctive relief—a "*de novo* parole release hearing" in which the defendants would be required to comply with the procedures created by state law and relevant regulations—is tantamount to seeking relief from confinement and is thus barred by the Supreme Court's decision in *Preiser v. Rodriguez. See* 411 U.S. 475, 487–90, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (holding that a state prisoner challenging a state conviction or sentence, or the fact or duration of confinement and seeking immediate or speedier release, must do so by petition for writ of habeas corpus after exhausting state remedies); *see also Jenkins v. Haubert,* 179 F.3d 19, 24 (2d Cir.1999) ("[T]he Supreme Court held in *Preiser* that, for those cases at the heart of habeas corpus—those in which a prisoner challenges the fact or length of his confinement— habeas is the exclusive federal remedy, at least where the prisoner seeks an injunction affecting the fact or length of his incarceration.").

Accordingly, we AFFIRM the judgment of the District Court.