Shabazz v. Bezio

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand sixteen.

PRESENT:
> **AMALYA L. KEARSE,**
> **DENNIS JACOBS,**
> **ROSEMARY S. POOLER,**
> *Circuit Judges.*

_____

**Raheem Shabazz,**

> *Plaintiff-Appellant*,

> **v.**                                                         **14-3902**

**G. R. Bezio, Correction LT, Clinton Annex Correctional Facility, E. Rice, Correction Sgt. Clinton Annex, Correctional Facility, P. Chase, Correction Lt. Clinton Annex Correctional Facility,**

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Raheem Shabazz, pro se, Albion, New York. |
| **FOR DEFENDANTS-APPELLEES:** | Martin A. Hotvet, *for* Eric T. Schneiderman, Attorney General of the State of New York. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*, Peebles, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Raheem Shabazz, pro se, appeals from the district court's dismissal on summary judgment of his 42 U.S.C. § 1983 amended complaint. His amended complaint alleges that he was denied his due process rights to an impartial hearing officer and to a decision supported by reliable evidence in two prison disciplinary hearings held on April 17 and May 2, 2008. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted). We may affirm a ruling on grounds not relied on by the district court so long as there is a sufficient record on appeal. *See Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp.*, 136 F.3d 273, 275 (2d Cir. 1998).

Due process requires that prison disciplinary hearings be conducted by a "fair and impartial hearing officer." *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999) (*citing McCann v. Coughlin*, 698 F.2d 112, 121–22 (2d Cir.1983)). However, "[prison] adjudicators are presumed to be unbiased" and "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges generally." *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996). "Because of the special characteristics of the prison environment, it is permissible for the

impartiality of such officials to be encumbered by various conflicts of interest that, in other contexts, would be adjudged of sufficient magnitude to violate due process." *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989). In addition, due process requires that the findings of a prison disciplinary hearing officer be based on some "reliable evidence of the inmate's guilt." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004) (internal quotation marks omitted).

We conclude that summary judgment was properly granted to defendants because Shabazz has not put forward sufficient evidence of bias at either the April 17 or May 2 hearings and because both decisions were based on reliable evidence. *See Luna*, 356 F.3d at 488.

The only allegation of bias advanced for the April 17 hearing is that defendant G.R. Bezio acted as the hearing officer despite having participated in the investigation of the case in violation of Department of Corrections' regulations. But a violation of *state* procedural law does not necessarily mean that the *federal* due process clause has been violated. *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) ("[S]tate statutes do not create federally protected due process entitlements to specific state-mandated procedures."). Standing alone, the fact that Bezio both heard the case and participated in its investigation is not a conflict "of sufficient magnitude to violate due process." *See Francis*, 891 F.2d at 46. Bezio convicted Shabazz of disobeying a direct order based on Shabazz's own testimony, which was both reliable and sufficient evidence. Bezio also acquitted Shabazz of the other charge against him, which is further evidence that Bezio was impartial.

With regard to the May 2 hearing, Shabazz alleges that he witnessed Bezio and P. Chase conversing and that he believes they were rehearsing Bezio's testimony. But Shabazz did not actually hear the conversation, and Bezio and Chase both deny that they were rehearsing

3

testimony. Shabazz's unsupported speculation as to the content of the conversation is insufficient to create a genuine dispute of material fact and insufficient to challenge the presumption of impartiality. *See Allen,* 100 F.3d at 259. The May 2 decision was based on Bezio's testimony and a misbehavior report, which were reliable evidence sufficient to support the charges against Shabazz. *See Luna*, 356 F.3d at 488.

We have considered all of Shabazz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4