17-1564
Pinto v. City of New York, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          RICHARD C. WESLEY,
               **Circuit Judges**,
          RICHARD K. EATON,[1]
               **Judge**.

- - - - - - - - - - - - - - - - - - - - -X

CARLENE PINTO,

     **Plaintiff-Appellant**,

     **-v.-**                                    17-1564

_____

[1] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

**CITY OF NEW YORK, JOSEPH DIAZ, New York City Police Department Officers (P.O.), (Shield No. 04744), in their individual capacity, RENAUD RICHARDSON, New York City Police Department Officer (P.O.), (Shield No. 26372), in their individual capacity, P.O. John Does 1-10, New York City Police Department Officers (P.O.), in their individual capacities,**

<u>**Defendants-Appellees**</u>,

- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | GILLIAN CASSELL-STIGA (David B. Rankin, <u>on the brief</u>), Beldock Levine & Hoffman LLP; New York, NY. |
| **FOR DEFENDANT-APPELLEE:** | MACKENZIE FILLOW, of counsel (Richard Dearing, Claude S. Platton, of counsel, <u>on the brief</u>), <u>for</u> Zachary W. Carter, Corporation Counsel of the City of New York; New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Carlene Pinto appeals from the judgment of the United States District Court for the Southern District of New York (McMahon, <u>C.J.</u>) dismissing her complaint on summary judgment. As relevant to this appeal, Pinto brought

claims against Police Officer Joseph Diaz pursuant to 42 U.S.C. § 1983 for false arrest, retaliation in violation of the First Amendment, malicious prosecution, assault and battery, and denial of the right to a fair trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After an April 29, 2015 Black Lives Matter rally in Union Square, Pinto joined 200 to 500 demonstrators on a march to the north and west. To maintain order during the march, the police continuously instructed the protestors on a loudspeaker to stay on the sidewalk. In her deposition, Pinto admitted both to hearing these orders and to walking into the street on several occasions:

> Q. How many times do you recall yourself standing on the street or marching in the street?
> A. I don't know.
> Q. More than five?
> A. I'm sure. We crossed a lot of intersections.
> Q. Well, what about not at intersections, just sort of moving along the process of the march? Were there times when you were on the street?
> A. Yes.
> Q. Do you recall how many such instances there were, generally?
> A. No.
> Q: Do you recall hearing any announcements at or about 56th Street & 12th Avenue instructing protesters to get on the sidewalk?
> A: Yes.
> Q: Where were you when you heard those announcements?
> A: In the street.

Joint App'x 248.

Officer Diaz testified that he saw Pinto standing or walking into the street on four occasions as she walked up 12th Avenue. He first noticed her when she left the sidewalk on 48th Street and blocked traffic; Diaz and other officers escorted Pinto back onto the sidewalk, and traffic resumed. Officer Diaz again saw Pinto and other protesters walk into the street at 50th Street; police officers

3

from a "scooter task force" herded Pinto back onto the sidewalk. Officer Diaz testified that at 56th Street, where Pinto was arrested, he twice saw Pinto and several other protesters link arms and step off the sidewalk. Officer Diaz's testimony is partially corroborated by video evidence, which shows multiple police scooters that were headed north on 12th Avenue stopping when they encounter Pinto and the other protesters in the street. The video then shows the officers get off the scooters and order the protesters to return to the sidewalk; the protesters take several steps backwards, and step up onto the sidewalk.

After witnessing Pinto's conduct, Officer Diaz arrested Pinto for three offenses: walking in the street, in violation of Vehicle and Traffic Law ("VTL") § 1156(a); obstructing traffic, in violation of Penal Law § 240.20(5); and disobeying a lawful order to disperse, in violation of Penal Law § 240.20(6). Officer Diaz detailed the events leading to Pinto's arrest in a criminal complaint. Pinto was charged with two counts of disorderly conduct for violating § 240.20(5) and § 240.20(6). On August 10, 2015, the charges against Pinto were dismissed by motion of the District Attorney's office.

We review a grant of summary judgment de novo, VKK Corp. v. Nat'l Football League, 244 F.3d 114, 118 (2d Cir. 2001), "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

**1.** Probable cause is a complete defense to claims for false arrest, First Amendment retaliation, assault and battery, and malicious prosecution. See Ackerson v. City of White Plains, 702 F.3d 15, 19 (2d Cir. 2012) (per curiam) (false arrest); Mangino v. Inc. Vill. of Patchogue, 808 F.3d 951, 956 (2d Cir. 2015) (First Amendment retaliation); Figueroa v. Mazza, 825 F.3d 89, 105 & n.13 (2d Cir. 2016) (assault and battery); Fabrikant v. French, 691 F.3d 193, 215 (2d Cir. 2012) (malicious prosecution). Probable cause exists when "officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient

to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Probable cause need only be shown for one of the charged offenses, even if the plaintiff was arrested for more than one offense. Marcavage v. City of N.Y., 689 F.3d 98, 109-10 (2d Cir. 2012).

Even in the absence of probable cause, qualified immunity shields officers from § 1983 claims if there was *arguable* probable cause for the plaintiff's arrest. See Zalaski v. City of Hartford, 723 F.3d 382, 388–90 (2d Cir. 2013). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted). "In other words, an officer is entitled to qualified immunity unless no officer of reasonable competence could have made the same choice in similar circumstances." Kass v. City of N.Y., 864 F.3d 200, 206 (2d Cir. 2017) (internal quotation marks omitted).

The district court determined only that probable cause supported Pinto's arrest for violating VTL § 1156(a). However, "we may affirm on any grounds for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." Olsen v. Pratt & Whitney Aircraft, Div. of United Techs. Corp., 136 F.3d 273, 275 (2d Cir. 1998) (internal quotation marks omitted). So we need not (and do not) decide whether Officer Diaz had probable cause to arrest Pinto because we conclude that arguable probable cause existed for all three offenses for which she was arrested.

VTL § 1156(a) provides: "Where sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway." Officer Diaz testified (and video evidence confirms) that Pinto and other protesters walked at a right angle into the roadbed just before her arrest. Pinto thus argues that she was not walking "along" the roadway; but the word "along" means "by," "on," or "over," depending on the context,[2] and Pinto cites no caselaw supporting her strained reading of the statute. Pinto thus additionally argues that she entered the roadbed only where the sidewalk was too crowded to be used safely; but that is contradicted by video evidence.

_____

[2] BLACK'S LAW DICTIONARY, http://thelawdictionary.org/along/.

Accordingly, reasonably competent officers could have concluded that probable cause existed to believe that Pinto had walked in the street even where the sidewalk could accommodate her.

"A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . . [h]e obstructs vehicular or pedestrian traffic." Penal Law § 240.20(5). Pinto contends that traffic had been stopped, and that therefore there was none.

Officer Diaz observed Pinto and other protesters step into active traffic lanes while marching up 12th Avenue on four separate occasions. See Joint App'x 46-47, 51-52, 74. Video evidence shows a line of police scooters that was driving alongside the march stopping at 12th Avenue at 56th Street because Pinto and other protesters had entered the roadbed. Contrary to Pinto's suggestion, police vehicles qualify as vehicular traffic for the purposes of Penal Law § 240.20(5). See People v. Hickson, 28 N.Y.S. 3d 649 (Table), 2015 N.Y. Misc. LEXIS 4634 (N.Y. App. Term 2015) (affirming conviction for blocking traffic where defendant stood in front of police car in the street). Officers of reasonable competence could therefore have concluded that Pinto violated Penal Law § 240.20(5).

Finally, a person violates Penal Law § 240.20(6) when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: . . . [h]e congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse." Pinto admitted that she "continuously" heard the police instruct protesters to stay on the sidewalk, Joint App'x 242, but she argues that there was no order to "leave or disperse." However, there is probable cause for failure to disperse if an individual refuses to comply with lawful orders to move to a particular location. See Marcavage, 689 F.3d at 110. Pinto defied such orders on four separate occasions. See Shamir v. City of N.Y., 804 F.3d 553, 557 (2d Cir. 2015) (finding failure to comply where protester left area as instructed but then returned). Pinto denies that she intended to cause public inconvenience; but New York courts hold that intent to cause public inconvenience, annoyance or alarm (or recklessness in creating such a risk) can be inferred from walking into the street and refusing to obey lawful orders to disperse. See People v. Kauff, 946 N.Y.S. 2d 68 (Table), 2011 N.Y. Misc.

LEXIS 6332 (N.Y. App. Term 2011).  It was therefore objectively reasonable for Officer Diaz to conclude that Pinto had violated Penal Law § 240.20(6).

Accordingly, there is no genuine issue of material fact as to whether arguable probable cause existed at the time of Pinto's arrest for all three grounds of arrest.  The existence of arguable probable cause entitles Officer Diaz to qualified immunity on Pinto's § 1983 claims for false arrest, First Amendment retaliation, assault and battery, and malicious prosecution.

**2.** Fair trial claims based on the fabrication of evidence require plaintiffs to show that "an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result."  Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016) (citation omitted).  Pinto argues that Officer Diaz made false allegations in a criminal complaint against her, resulting in two court appearances before dismissal of the charges.

Pinto challenges the criminal complaint on several grounds.  She contends that Officer Diaz falsely averred that there was an order to disperse; however, as explained above, Pinto admitted that she continuously heard police orders to remain on the sidewalk.  Pinto denies entering active lanes of traffic; but the video recording made just before Pinto's arrest shows her walking in the roadbed where police vehicles were driving.  To the extent Pinto disputes the number of vehicles that were forced to slow down or stop, such quibbles do not indicate that Officer Diaz fabricated evidence.  Pinto contends that she complied with police orders to return to the sidewalk at the location of her arrest; but Officer Diaz testified that he observed Pinto enter the roadway on four separate occasions during the march, and Pinto admitted to entering the roadway multiple times.  Finally, Pinto alleges that Officer Diaz's deposition testimony included previously unreported conduct ten blocks south of the site of Pinto's arrest; but Officer Diaz swore that he saw Pinto walking in the street and blocking traffic "in the vicinity" of the arrest location, and his deposition testimony constituted no more than particulars regarding his observations of Pinto's conduct.  In sum, Pinto has identified no genuine dispute of material fact indicating that Officer Diaz fabricated evidence in the criminal complaint.

7

We have considered Pinto's remaining arguments and conclude that they are without any merit.  The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK