*In re Aluminum Warehousing Antitrust Litig.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of November, two thousand twenty-three.**

**PRESENT:**
        **GERARD E. LYNCH,**
        **MICHAEL H. PARK,**
            ***Circuit Judges*,**
        **JESSICA G. L. CLARKE,**
            ***District Judge.*[*]**

---

| | |
|---|---|
| ***In re Aluminum Warehousing Antitrust Litigation.*[†]** | 21-643(L);<br>21-651(Con); 21-660(Con);<br>21-663(Con); 21-954(Con). |

**Fujifilm Manufacturing U.S.A., Inc., Mag Instrument, Inc., Eastman Kodak Company, AGFA Corporation, AGFA Graphics NV, Ampal, Inc., Custom Aluminum Products, Inc., Claridge Products and Equipment, Inc., Extruded Aluminum Corp.,**

        *Plaintiffs - Appellants,*

**Superior Extrusion Incorporated, Master Screen Incorporated, Grace Adrianna Fletcher, Gulf Distributing Co. of mobile, LLC, River Parish Contractors, Inc., individually, and**

---

[*] Judge Jessica G. L. Clarke, of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

on behalf of all others similarly situated, Viva Railings, LLC, on behalf of themselves and all others similarly situated, Regal Recycling, Inc., D-Tek Manufacturing, on behalf of itelsef and all others similarly situated, Peterson Industries, Inc., individually and on behalf of all others similarly situated, Thule, Inc., individually and on behalf of all others similarly situated, Extruded Aluminum Inc., International Extrusions Inc., Team Ward Inc., individually and on behalf of all others similarly situated, DBA War Eagle Boats, Everett Aluminum Incorporated, on behalf of itself and all others similarly situated, Pierce Aluminum Company, Inc., Individually and on Behalf of All Others Similarly Situated, David J. Kohlenberg, Welk-Ko Fabricators, Inc., Tyler Sales Inc., DBA Norther Metals, Incorporated, Quicksilver Welding Services, Inc., Lexington Homes, Inc., Breezin Metal Works, Inc., Talan Products, Inc., Big River Outfitters, LLC, Seating Constructors USA, Inc., Admiral Beverage Corporation, Central Aluminum Company, Hall Enterprises Metals, Inc., Brick Pizzeria LLC, behalf of themselves, and all others similarly situated, Sunporch Structures, Inc., Energy Beverage Management, LLC, Goldring Gulf Distributing Company, LLC, Allstate Beverage Company, LLC, Duncan Galvanizing Corporation, individually and on behalf of all those similary situated, Commercial End-User Plaintiffs, Reynolds Consumer Products LLC, Southwire Company, LLC,

*Plaintiffs,*

v.

Goldman Sachs & Co. LLC, Goldman Sachs International, J. Aron & Company, Metro International Trade Services, L.L.C., J.P. Morgan Securities plc, Henry Bath LLC, Glencore Ltd., Pacorini Metals USA, LLC, Pacorini Metals Vlissingen B.V., JPMorgan Chase Bank, N.A., Glencore International AG, Glencore AG,

*Defendants - Appellees,*

Goldman Sachs Group, Inc., Glencore Xstrata PLC, London Metal Exchange Limited, Goldman Sachs & Co., Parcorini Metal AG, Henry Bath & Son Limited, F&F Custom Boats, LLC, Goldman Sachs Group, Inc., GS Power Holdings LLC, John Does 1-10, Glencore Xstrata Incorporated, The London Metal Exchange Power Holdings LLC, Unidentified Parties, Parcorini Metals USA, LLC, Limited Metal Exchange Limited, LME Holdings Limited, John Does 1-20, John Does 1-25, MCEPF Metro I, Inc., Nems (USA) Inc., Hong Kong Exchanges & Clearing, Ltd., Lime Holdings Limited, Glencore UK Ltd, Burgess-Allen Partnership Ltd., Robert Burgess-Allen,

*Defendants.*

2

**PLAINTIFFS-APPELLANTS:**  STEVEN F. HUBACHEK, Patrick J. Coughlin, Carmen A. Medici, Robbins Geller Rudman & Down LLP, San Diego, CA, *for First-Level Purchaser Plaintiffs.*

DEREK BRANDT, McCune Wright Arevalo, LLP, Edwardsville, IL; Allan Steyer, Jill M. Manning, Steyer Lowenthal Boodrookas Alvarez & Smith LLP, San Fransico, CA; Walter W. Noss, Scott & Scott, Attorneys at Law, LLP, San Diego, CA, *for Individual Purchaser Plaintiffs.*

**FOR DEFENDANTS-APPELLEES:**  RICHARD C. PEPPERMAN II, Suhana S. Han, William H. Wagener, Sullivan & Cromwell LLP, New York, NY, *for Goldman Sachs & Co. LLC, J. Aron & Co., Goldman Sachs Int'l, Mitsi Holdings LLC, and Metro Int'l Trade Servs., L.L.C.*

ROBERT D. WICK, Henry Liu, John S. Playforth, Alexander N. Ely, Alexander J. Cave, Covington & Burling LLP, Washington, DC, *for Henry Bath, LLC, J.P. Morgan Sec. plc, and JPMorgan Chase Bank, N.A.*

Boris Bershteyn, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, *for Access World (USA) LLC.*

Eliot Lauer, Jacques Semmelman, Nathaniel Ament-Stone, Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, NY, *for Glencore Ltd., Glencore Int'l AG, and Access World (Vlissingen) BV.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants, styled "First Level Purchasers" ("FLPs") and "Individual Purchasers" ("IPs"), claim that Appellees conspired to artificially limit the supply of aluminum in North America, thus pushing up prices and generating excess profits for Appellees on aluminum sales. The FLPs and IPs are all purchasers of aluminum. But none of them, for purposes of this appeal, purchased aluminum from Appellees.[1] Instead, they argue, they paid higher prices to third parties, as Appellees' purchases of aluminum from those third parties incorporated an industry benchmark price that was artificially inflated due to Appellees' alleged misconduct.

The FLPs, but not the IPs, initially asked the district court to certify a class of similarly situated purchasers. The district court denied class certification, holding that the FLPs had failed to show that common issues predominated under Federal Rule of Civil Procedure 23(b)(3). Later, at summary judgment, the district court ruled that both the FLPs and the IPs lacked antitrust standing because they were not efficient enforcers of the antitrust laws. The FLPs now appeal from the denial of class certification; all Appellants appeal from the grant of summary judgment to Appellees. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor."

---

[1] One Appellant, Ampal, purchased a small amount of aluminum from Appellees. But Ampal dismissed, with prejudice, its claims premised on those purchases, so any such claims are not at issue on appeal. Throughout, we treat the FLPs' claims relating to purchases from third-party sellers as a group.

*Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (internal quotation marks omitted). This Court may affirm on any grounds "for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *See Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 275 (2d Cir. 1998) (cleaned up).

Denial of class certification is reviewed for abuse of discretion. "While we review the district court's construction of legal standards de novo, we review the district court's application of those standards for whether the district court's decision falls within the range of permissible decisions." *Waggoner v. Barclays PLC*, 875 F.3d 79, 92 (2d Cir. 2017) (internal quotation marks omitted). Factual findings are reviewed for clear error. *In re Petrobras Sec.*, 862 F.3d 250, 261 (2d Cir. 2017).

**I.      Efficient Enforcer Status**

Private antitrust plaintiffs must demonstrate "antitrust standing." *Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 75 (2d Cir. 2013). Antitrust standing has two components: plaintiffs must (1) have "suffered a special kind of antitrust injury," and (2) be "efficient enforcer[s] of the antitrust laws." *In re Am. Express Anti-Steering Rules Antitrust Litig.*, 19 F.4th 127, 138 (2d Cir. 2021) (quoting *Gatt Commc'ns*, 711 F.3d at 76). Only the "efficient enforcer" component is at issue here.

"At its core, the efficient enforcer analysis requires a court to decide if the plaintiff is a proper party to perform the office of a private attorney general and thereby vindicate the public interest in antitrust enforcement." *Schwab Short-Term Bond Market Fund v. Lloyds Banking Grp. PLC*, 22 F.4th 103, 115 (2d Cir. 2021) (internal quotation marks omitted). Efficient enforcer status turns on four factors: (1) "the directness or indirectness of the asserted injury"; (2) "the

5

existence of more direct victims" or the "existence of an identifiable class of persons whose self-interest would normally motivate them to vindicate the public interest in antitrust enforcement"; (3) the extent to which the claim is "highly speculative"; and (4) "the importance of avoiding either the risk of duplicate recoveries on the one hand, or the danger of complex apportionment of damages on the other." *Id.* (quoting *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 540-45 (1983)). The relative importance of each factor "will necessarily vary with the circumstances of particular cases." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 443 (2d Cir. 2005).

Neither the FLPs nor the IPs are efficient enforcers under this Court's precedents. First, their alleged injuries are indirect. The FLPs and IPs claim that they purchased aluminum from non-conspiring third parties at prices that incorporated an inflated benchmark component. But the decision to incorporate the inflated benchmark could be made "without any connection to the actions" of Appellees and in no way enriched Appellees, who "derived no benefit from [Appellants'] transactions with third-parties." *Schwab*, 22 F.4th at 116-17. While the FLPs and IPs may have been "forced" to incorporate the benchmark price, they were forced to do so by their third-party counterparts, not by Appellees. As dictated by our precedents, the incorporation of the benchmark price into Appellants' transactions with third parties was therefore an "independent decision" that breaks the chain of causation. *In re Platinum & Palladium Antitrust Litig.*, 61 F.4th 242, 260 (2d Cir. 2023). In such circumstances, our precedents "require[] drawing a line between

6

those whose injuries resulted from their direct transactions with [Appellees] and those whose injuries stemmed from their deals with third parties." *Schwab*, 22 F.4th at 116.[2]

Second, there exist more direct victims than Appellants. Appellees sold aluminum on the spot market to buyers who paid inflated prices. Those purchasers would be better situated to vindicate the antitrust laws because Appellees would have profited from *those* sales by inflating the Midwest premium. While the mere existence of other potential enforcers is not dispositive, *see IQ Dental Supply, Inc. v. Henry Schein, Inc.*, 924 F.3d 57, 66 (2d Cir. 2019), the key question is whether barring Appellants' suits is "likely to leave a significant antitrust violation undetected or unremedied," *Paycom Billing Servs., Inc. v. Mastercard Int'l, Inc.*, 467 F.3d 283, 294 (2d Cir. 2006). On the record before us, there is no reason to believe that the direct purchasers lack an incentive to sue. Indeed, as the district court noted, two plaintiffs in a related action consolidated before the district court "made a substantial portion of their purchases from [Appellees] or their affiliates." *In re Aluminum Warehousing Antitrust Litig.*, 520 F. Supp. 3d 455, 491 (S.D.N.Y. 2021). The existence of more direct victims thus cuts against Appellants.

Here, the first two efficient enforcer factors are dispositive. *See, e.g.*, *Schwab*, 22 F.4th at 118-19; *In re Platinum & Palladium*, 61 F.4th at 261; *In re Am. Express*, 19 F.4th at 139-43. The remaining two factors—even assuming that they support Appellants' position—are not enough to

---

[2] Appellants cite, out of context, a sentence from one of our prior opinions in this case in which we referred to these Appellants' injuries as "direct." *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 96 (2d Cir. 2019). That opinion dealt solely with the "antitrust injury" prong of antitrust standing, and expressly reserved the "efficient enforcer" issue now before the Court. *Id*. at 94. That an injury is sufficiently "direct" for the former purpose does not imply that it is sufficiently direct for the latter.

outweigh the indirectness of Appellants' alleged injuries and the existence of more direct victims. We thus affirm the district court's grant of summary judgment.

**II.     Class Certification**

In light of our analysis affirming the district court's grant of summary judgment, we dismiss the FLPs' appeal of the denial of class certification as moot. "If none of the named plaintiffs may maintain this action on their own behalf, they may not seek such relief on behalf of a class." *Plumber & Steamfitters Loc. 773 Pension Fund v. Danske Bank A/S*, 11 F.4th 90, 101-02 (2d Cir. 2021) (cleaned up). As all claims brought by the FLPs have been properly dismissed, the FLPs cannot seek relief on behalf of other class members.

\*     \*     \*

We have considered all of Appellants' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court